# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Zeshan M. Sadek | ) | Bankruptcy No. 17 B 31909 |
| | ) | |
| _____ | ) | Judge Janet S. Baer (Geneva) |
| | ) | |
| Harikrishna Madanaraj | ) | Chapter 7 |
|               Plaintiff | ) | |
|     v. | ) | Adv. No. |
| | ) | |
| Zeshan M. Sadek, | ) | |
|               Defendant | ) | |
| | ) | |

## COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR
## AND TO DETERMINE DISCHARGEABILITY OF DEBT

NOW COMES the Plaintiff, Harikrishna Madanaraj, by and through his attorney, David P. Lloyd, complaining of the Defendant, Zeshan M. Sadek, objecting to the Debtor's discharge under Section 727 of the Bankruptcy Code, and seeking determination of the dischargeability of his claim under Section 523 of the Bankruptcy Code, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 USC §1334(b) and (d) in that it is a civil proceeding arising under, arising in, or related to a bankruptcy case under Title 11 of the United States Code.

2. This complaint arises under 11 USC §727(a)(2) and (4), and 11 USC §523(a)(6).

3. This complaint initiates a core proceeding pursuant to 28 USC §157(b)(2)(I) & (J).

4. Venue in this District is proper pursuant to 28 USC §1409(a).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Defendant Zeshan M. Sadek is the Debtor in this case, having commenced this case by

filing a voluntary Chapter 7 petition on October 26, 2017.

6. Plaintiff is a creditor, with a claim based on a lease on the Debtor's prior residence.

7. Defendant leased an apartment from Plaintiff and occupied the premises until approximately October, 2017.

8. Defendant is indebted to Plaintiff for back rent, which Defendant scheduled in the amount of $12,000.

## COUNT I: DENIAL OF DICHARGE/11 U.S.C. §727(a)(2)

9. The Debtor filed his bankruptcy petition with Schedules A-J, under oath and accompanied by signed declarations of accuracy under penalty of perjury, on October 26, 2017.

10. The Debtor did not list any real estate on Schedule A.

11. At his meeting of creditors under Section 341, the Debtor testified that he owned real estate in Malaysia, which was a gift from his father.

12. Prior to the filing of his bankruptcy case, the Debtor stated to Plaintiff on several occasions that he owned real estate in Malaysia.

13. Plaintiff is informed and believes that the Debtor does own real estate in Malaysia.

14. The failure to list the Malaysia real estate on his schedules constitutes concealment of property of the estate.

15. The Debtor concealed his interest in the Malaysia real estate with intent to hinder, delay, or defraud creditors or the trustee, as defined in Section 727(a)(2).

WHEREFORE Plaintiff prays that the Debtor's discharge be denied pursuant to 11 U.S.C. §727(a)(2).

## COUNT II: DENIAL OF DISCHARGE/11 U.S.C. §727(a)(4)

16. Plaintiff realleges the allegations of Paragraphs 9-13.

17. The failure to list the Malaysia real estate on his sworn schedules constitutes a false oath.

18. The Debtor knowingly and fraudulently made a false oath in regard to the Malaysia real estate, as defined in Section 727(a)(4).

WHEREFORE Plaintiff prays that the Debtor's discharge be denied pursuant to 11 U.S.C. §727(a)(4).

**COUNT III: DETERMINATION OF DISCHARGEABILITY/11 U.S.C. §523(a)(6)**

19. During his tenancy in premises owned by the Plaintiff, Defendant allowed extensive water damage to affect Plaintiff's real estate.

20. The Debtor actively concealed the water damage to his unit, resulting in increased damage due to ongoing deterioration of building materials and the growth of mold.

21. The Debtor's active concealment of damage to the unit was without legal excuse.

22. The Debtor's active concealment of damage to the unit was done with knowledge that concealing the damage would result in ongoing and increase damage to the premises.

23. The damage to Plaintiff's property, resulting from the Debtor's concealment, constitutes a willful and malicious injury to the property of the Plaintiff, as defined in Section 523(a)(6).

WHEREFORE Plaintiff prays that his claim against Defendant be excepted from the Debtor's discharge pursuant to 11 U.S.C. §523(a)(6).

Respectfully submitted,
Harikrishna Madanaraj

By:___/s/ David P. Lloyd_____
His attorney

David P. Lloyd
David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265